OPINION OF THE COURT
CHAGARES, Circuit Judge.
Counsel for Jacinto Barraza has moved, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), for permission to withdraw as counsel in this case. For the reasons that follow, we will grant the motion and affirm Barraza’s sentence.[1]
I.
Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.
On March 11, 2008, Barraza pleaded guilty, pursuant to a plea agreement, to one count each of conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846; distribution of, and aiding and abetting the distribution of, 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); and unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b).[2] In the plea agreement, the Government agreed that Barraza was eligible for a two-point reduction in his offense level under the advisory Sentene- *176 ing Guideline for acceptance of responsibility, as well as a three-point reduction for his role as a minor and minimal participant in the offense. The parties also agreed that Barraza’s sentencing guidelines range should be calculated on the basis of 8.5 pounds of methamphetamine.
Under the terms of the plea agreement, Barraza maintained the right to appeal or collaterally attack his sentence in only three limited circumstances: (1) the sentence on any count exceeded the statutory maximum; (2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines; and (3) the sentencing judge imposed an unreasonable sentence above the Sentencing Guideline range. A presentence investigation report was prepared. Accepting all of the stipulations between the Government and Bar-raza, the report calculated Barraza’s total offense level at 70-87 months. It went on to say, however, that “because of the mandatory minimum, the effective guidelines range is 120 months.”
On July 22, 2008, after a sentencing hearing, Barraza was sentenced to 120 months of imprisonment. The District Court stated that “Congress has determined what sentence one in your position should receive. There are no exceptions, and just as you are bound, the Court is bound or mandated to sentence you to this mandatory sentence.” Barraza timely appealed.
II.
Barraza’s counsel petitions this Court to withdraw as attorney of record, arguing that there are no non-frivolous issues that can be advanced on appeal. A copy of defense counsel’s brief was furnished to Barraza, and he was given until February 17, 2009 to file a brief on his own behalf, and Barraza failed to do so by the given date. Barraza filed his pro se informal brief with this Court on March 6, 2009.
Evaluation of an Anders brief requires a twofold inquiry: (1) whether counsel has thoroughly examined the record for ap-pealable issues and has explained why any such issues are frivolous, and (2) whether an independent review of the record presents any non-frivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir.2001). Where the Anders brief appears adequate on its face, and the appellant has not submitted a pro se brief, our review is limited to the portions of the record identified in the Anders brief. See id. at 301. We conclude that the brief in this case is adequate, and thus, it will guide our independent review of the record.
Barraza’s counsel examined the record and concluded that any claim that he could raise on Barraza’s behalf would be frivolous, given the three categories of issues available for Barraza to raise on appeal under the provisions of his appellate waiver. Likewise, our independent review of “those portions of the record identified by [the] Anders brief,” as well as those issues identified by Barraza in his pro se brief, reveals no non-frivolous issues Barraza might profitably raise on direct appeal. See id. As Barraza’s counsel points out, none of the issues carved out as part of the appellate waiver agreement occurred at sentencing, and thus there is no basis for appeal.
Accordingly, we will grant counsel’s motion and will affirm Barraza’s sentence.

. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291.

. Prior to trial, Barraza filed a motion to suppress physical evidence, asserting a lack of valid consent to search his vehicle or dismantle it in the course of conducting the search. The District Court denied the motion.